UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHAD B., | : |
|       Plaintiff, | : |
| | : |
| v. | :    C.A. No. 22-228JJM |
| | : |
| KILOLO KIJAKAZI, | : |
| Acting Commissioner of Social Security, | : |
|       Defendant. | : |

**SUPPLEMENT TO REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On June 7, 2023, I issued a report and recommendation, ECF No. 16, ("R+R"), which recommended that the Court deny Plaintiff's Motion to Reverse the Decision of the Commissioner and grant the Commissioner's Motion to Affirm. In objecting to the R+R, Plaintiff Chad B. argued that the R+R erroneously found no error in the reliance by the administrative law judge ("ALJ") on the prior administrative findings of the state agency physician experts (Dr. Joseph Callaghan (at the initial stage) and Dr. Elizabeth Conklin (at the reconsideration stage)). ECF No. 18. He contended that these findings may be considered during the administrative phase but are "neither valuable nor persuasive" and are therefore barred from consideration by the ALJ based on applicable regulations (20 C.F.R. §§ 404.1513a(b)(1) and 404.1520b(c)(3)(ii)). Concerned that this novel argument was not addressed at all in the R+R, the District Court returned the case to me for "further proceedings on the limited issue of 'state agency consultants,' 'prior administrative medical findings,' and 'special category of evidence' under the Code of Federal Regulations." Text Order of July 18, 2023. This order included the directive that I "should also consider whether this issue was

waived by the Plaintiff for failing to develop a coherent argument on the matter in the briefing on the motions." Id.

In response, I promptly set a briefing and hearing schedule to address the issue. Text Order of July 18, 2023. However, Plaintiff failed to comply with the briefing schedule, requiring a late motion to extend his time to file his brief to August 25, 2023; the Commissioner's time to file its brief was similarly extended, albeit on a timely motion. ECF Nos. 21; 23  At the rescheduled hearing, Plaintiff appeared through new counsel who asked me to reschedule the hearing again because he had just entered the case. This oral motion was granted. However, during the hearing, having thoroughly prepared for the argument, I advised the parties of my tentative ruling and asked Plaintiff to advise promptly whether he has any argument to contravene the tentative ruling, particularly anything to undermine the intervening analysis of this Court regarding the precise issue in Elizabeth L. v. Kijakazi, C.A. No. 23-00008-WES, 2023 WL 5035123, at *7-8 (D.R.I. Aug. 8, 2023), adopted by text order (D.R.I. Aug. 24, 2023).[1] Before the rescheduled hearing, on September 29, 2023, Plaintiff advised the Court in writing that he waived further oral argument. ECF No. 27. During argument of the same issue in another Social Security case held on October 4, 2023, Plaintiff's counsel confirmed that he does not contend that Elizabeth L. is wrongly decided.

Waiver. Having reviewed carefully Plaintiff's briefs before me, I find that the issue that was subsequently presented to the District Court was entirely omitted from what was presented initially (both the principal brief (ECF No. 11) and the reply brief (ECF No. 15)). The closest

---

[1] Elizabeth L. issued on August 8, 2023, and was adopted on August 24, 2023. Despite also serving as counsel of record in Elizabeth L., the attorneys presenting this brief (filed late on August 25, 2023) omitted any reference to Elizabeth L. ECF No. 21. By contrast, the Commissioner's counsel cited Elizabeth L. ECF No. 25 at 7-9.

Plaintiff came is the statement that, "the ALJ misapplied the medical opinion regulations in accepting the assertion that [Plaintiff's conditions are] not severe." ECF No. 11 at 14.  However, this argument makes no reference to 20 C.F.R. §§ 404.1513, 404.1513a(b)(1) and 404.1520b(c)(3)(ii) and contains no reference to the newly presented (to the District Court) proposition that an ALJ is *per se* barred from relying on the findings of the state agency medical consultants that impairments are non-severe.  In context, it is clear that Plaintiff's argument before me was focused on whether Dr. Conklin's finding was supported and on Plaintiff's (incorrect)[2] contention that Dr. Callaghan has not made such a finding.  Indeed, Plaintiff concedes that this argument could at best be described as presented "broadly."  ECF No. 21 at 18.  Based on the foregoing, I find that this argument was unambiguously waived and should not be considered by the Court.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("Judges are not expected to be mindreaders . . . a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (internal quotation marks omitted); Melissa G. v. Kijakazi, C.A. No. 20-00367-WES, 2021 WL 3124228, at *8 (D.R.I. July 23, 2021) (arguments not sufficiently developed or supported in the opening brief are "clearly throw-in arguments left for the Court to sort out on its own and, as such, are deemed waived"), adopted by text order (D.R.I. Aug. 18, 2021).

    ALJ Reliance on Prior Administrative Findings of State Agency Consultants.  Should this Court disagree with my finding that Plaintiff has waived the argument that an ALJ is barred from relying on prior administrative findings of state agency consultants, as was done by the ALJ in

---

[2] Plaintiff argued that the ALJ erred in relying on Dr. Callaghan because "there was no such finding at the initial stage." ECF No. 11 at 13.  As the R+R noted, this is simply false – the applicable DDE reflects "no difficulty [with] colitis since surgery [in] 2013. NSI."  R+R at 8 (alteration in original).

this case, I alternatively recommend that the Court adopt the thorough and thoughtful analysis of the precise same issue in Elizabeth L. In Elizbeth L., as in Chad B., the "ALJ explicitly stated that he was relying, in part, on the prior administrative medical findings . . . which he found persuasive, to support his finding that Plaintiff's physical impairments were not severe." 2023 WL 5035123, at *7. Elizabeth L. notes that "[p]laintiff's argument improperly conflates prior administrative medical findings (which must be considered) with a statement on an issue reserved to the Commissioner (which must not be considered)." Id. at *8 (emphasis in original). It further states that Plaintiff's suggested "reading would render the Regulations regarding the treatment of prior administrative medical findings as meaningless" and would "improperly read[] a conflict into the Regulations when they can otherwise be reasonably read in harmony. Id. In adopting this analysis, the District Court explicitly "agree[d] . . . that the Administrative Law Judge . . . properly considered the prior administrative medical findings in support of this conclusion." Text Order of Aug. 24, 2023. Plaintiff has presented no argument that Elizabeth L. was incorrectly decided. Based on Elizabeth L., I alternatively add to my recommendation that the ALJ's decision be affirmed in reliance on its approach.

Conclusion. Based on the foregoing, and having considered the issues presented by the District Court's Text Order of July 18, 2023, I renew my recommendation in the R+R. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 18, 2023